ANNIE D. ROE, appellant,

*v.*

MAYOR AND ALDERMEN OF JERSEY CITY, respondents.

[Argued November 25th, 1913. Decided November 26th, 1913.]

On appeal from a decree of the court of chancery advised by Mr. Charles J. Roe, advisory master, who filed the following opinion:

The bill in this case is filed for the purpose of removing a cloud on the title of complainant's land. The allegation is that the complainant bought the land in question in 1887 and is in peaceful possession of the same; that her title is clouded by three deeds made by the collector of Jersey City to Jersey City, and dated August 30th, 1912, and recorded in the Hudson county register's office; that these deeds are based upon a pretended tax sale made in 1895, under an alleged adjustment made by commissioners under the Martin act, and she insists that the proceedings of these commissioners were irregular and void, there being no record of the appointment of the commissioners, of the application for the appointment of commissioners, no record of the sale, no proof of the surrender of the certificate.

The difficulty that I find in this case arises from the fact that the complainant, in 1906, filed a bill against the defendant in this case alleging substantially the same facts as contained in the present bill, and praying that these proceedings may be declared null and void, and asking that if any deed or deeds for the said land have been executed that the same might be decreed null and void and delivered up to be canceled, and that all other proceedings had or taken thereunder should be adjudged null and void, and that the defendants be restrained from taking any steps toward perfecting any supposed claim or title to said land and premises.

This case was heard in the court of chancery on pleadings and proof and a decree made by the court dismissing the bill. This decree was affirmed by the court of errors and appeals, and the opinion reported in 79 N. J. Eq. 645; that the reason given by the court of errors and appeals for the dismissal of said bill was "that the relief sought by the complainant was not one which the court of equity could grant, assuming it to be true that the proceedings which were attacked were invalid, her sole remedy was to apply for certiorari to the supreme court," and "the fact that the complainant had waited so long before applying to the courts of law as to be barred from her relief by certiorari, could not vest in the court of chancery the jurisdiction to grant her relief which she sought."

The deeds which she now complains of as a cloud upon her

title are the deeds delivered under that proceeding after the decree dismissing the bill for the complainant was entered.

This adjudication places the case before us squarely within the principles established in *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.) 255,* which held that the act of 1870 to "quiet title" was not meant to be operative when a party in possession of lands has the means by the ordinary proceedings at law of testing the adverse claim that he wished to have settled.

That the complainant's mode of relief was by *certiorari* by which he can get adequate relief at law, and, in the language of the court, "if the party in possession of land can throw a hostile claim into a court of law and thus get rid of a cloud overhanging his estate, why should he not do it? and what reason is there to say that this act was designed to help a party who was in no strait but of his own choosings."

Under the principles enunciated by this decision the court of equity is without power to adjudicate on any of the questions leading up to the delivery of the deeds which are now complained of by the complainant as being clouds upon her title, unless it be that the court of equity should acquire a jurisdiction independent of these considerations.

In this case the application of this principle is further emphasized by the provisions of the act under which the proceedings resulting in these deeds were had was made, *Comp. Stat. p. 5213 § 312,* where it is expressly enacted that

"the title shall not fail or be defeated by reason of any irregularity or formal defect in the procedure taken under this act upon which the sale shall have been made or the title conveyed as aforesaid, or by reason of any illegality in affixing and adjusting taxes, assessments and liens to enforce which said sales was made or in any proceeding for collecting the same."

In view of the fact that no attack has been made upon the deeds as such, but only upon the facts leading up to the making of the deeds, I fail to see any equitable grounds for invoking the aid of this court. In other words, there is no independent equitable relief sought other than the state of facts already adjudicated upon by the court of errors and appeals in which they

decided that it was out of the power of a court of equity to give relief.

If the proceedings complained of had been decided by a court of law to be void and irregular, the deeds now complained of would have been nullities, and I think a court of equity could then have given relief by clearing the complainant's title of deeds that had been executed and recorded under such illegal proceedings, under the principle laid down in *Bogert* v. *City of Elizabeth*, *27 N. J. Eq.* (*12 C. E. Gr.*) *569*, but not until the proceedings which are now alleged to be illegal were adjudged to be so by a court of law.

The deeds of the defendant now complained of must be considered evidences of title as against the complainant for lack of jurisdiction in this court to adjudge upon the legality of the proceedings upon which they are found.

In view of these considerations, I shall advise a decree dismissing the bill.

*Mr. Wilbur A. Heisley,* for the appellant.

*Mr. James J. Murphy,* for the respondents.

PER CURIAM.

The decree under review will be affirmed. The case is controlled by *Walton* v. *American Baptist Publication Society*, *78 N. J. Eq.* (*8 Buch.*) *263; Walton* v. *Taylor*, *78 N. J. Eq.* (*8 Buch.*) *266*, and our earlier decision between the same parties reported in *79 N. J. Eq.* (*9 Buch.*) (at *p. 645*).

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER—14.

*For reversal*—None.